THE WILLIAMSBURGH CITY FIRE INSURANCE COMPANY, Respondent, *v.* CENTRAL NEW ENGLAND RAILWAY COMPANY, Appellant.

*Trespass — action to recover damages for flooding of lands and for injunction.*

*Williamsburgh City Fire Ins. Co.* v. *Central New England Ry. Co.*, 202 App. Div. 813, affirmed.

(Argued March 6, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 7, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was to recover damages occasioned by the flooding of the plaintiff's land by water collected on defendant's land and passed through a culvert under its tracks onto the lands of the plaintiff, also for an injunction. The answer was a general denial and as a separate defense the Statute of Limitations.

*Isaac N. Mills, Samuel H. Brown* and *Charles M. Sheafe, Jr.*, for appellant.

*Frank B. Town* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

PEARL J. H. PROVANCHA, Respondent, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*Insurance (life) — action on policy — defense that policy had not been delivered.*

*Provancha* v. *Prudential Ins. Co. of America*, 202 App. Div. 778, reversed.

(Argued March 7, 1923; decided March 23, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was

to recover upon a policy of life insurance issued by defendant upon the life of plaintiff's husband and mailed to its branch office. At the time of the application plaintiff had paid defendant's agent five dollars on account of the first semi-annual premium and it was alleged the agent stated that the policy would be in force upon the applicant's successfully passing the medical examination, which he did. The insured was killed the same morning but after the policy was received at the branch office. Defendant contended that owing to non-delivery and non-payment in full of the premium the policy was not in force.

*Louis L. Thrasher* for appellant.

*Joseph F. Rice* and *Arthur E. Laudenslager* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts, on authority of *Drilling* v. *N. Y. Life Ins. Co.* (234 N. Y. 234).

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

BRIDGET O'CONNELL, as Administratrix of the Estate of PATRICK O'CONNELL, Deceased, Respondent, *v.* NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Appellant.

*Insurance (liability) — action against insurance company to recover amount of judgment recovered against insured in action for negligence — defense that automobile was being operated by child under age of sixteen years.*

*O'Connell* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 201 App. Div. 117, affirmed.

(Argued March 8, 1923; decided March 23, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 19, 1922, affirming a judgment in favor of plaintiff entered upon a verdict. The plaintiff recovered a judgment against Harry P. Froud for negligently causing the death of her husband, Patrick O'Connell, and brought this action under section 10 of chapter 63 of the Laws of 1920, to charge the defendant on its